1  McGREGOR W. SCOTT
   United States Attorney
2  COURTNEY J. LINN
   Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone:  (916) 554-2700

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,                        | CIV-S-03-1264 DFL/PAN       |
|--------------------------------------------------|-----------------------------|
|                 Plaintiff,                       |                             |
|         v.                                       | FINAL JUDGMENT OF FORFEITURE |
| APPROXIMATELY $6,161.00 IN U.S. CURRENCY,        |                             |
|                 Defendant.                       |                             |
| JOHN HAYES, JR.                                  |                             |
|                 Claimant.                        |                             |

     Pursuant to the Stipulation for Final Judgment of Forfeiture, the Court finds:

     1.   That this is a civil forfeiture action against approximately $6,161.00 in U.S. Currency (hereinafter "defendant currency") seized on September 18, 2002.

     2.   That a Complaint for Forfeiture In Rem was filed on June 13, 2003, seeking the forfeiture of the defendant currency, alleging that said currency is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

1    3.   That on or about June 13, 2003, the Court issued a warrant
2 of arrest in rem for the defendant currency, and that warrant was duly
3 executed.
4    4.   That on July 2, 2003, a Public Notice of Arrest of defendant
5 currency appeared by publication in <u>The Auburn Journal</u>, a newspaper
6 of general circulation in the county in which defendant currency was
7 seized (Placer County).  The Proof of Publication was filed with the
8 Court on July 29, 2003.
9    5.   That in addition to the Public Notice of Arrest having been
10 completed, actual notice was acknowledged by John Hayes, Jr.  The
11 United States also attempted to provide direct notice to John Hayes,
12 Sr., but was advised that he had passed away.
13    6.   That on or about July 10, 2003, claimant John Hayes, Jr.,
14 filed a claim to defendant currency.  On or about July 29, 2003,
15 claimant Hayes filed an answer.
16    7.   That no other parties have filed claims or answers in this
17 matter and the time for which any person or entity may file a claim
18 and answer has expired.
19        Based on the above findings, and the Court being otherwise
20 fully advised in the premises, it is hereby
21           ORDERED AND ADJUDGED:
22    1.   That the Court adopts the Stipulation for Final Judgment of
23 Forfeiture entered into by and between the parties to this action.
24    2.   That upon entry of a Final Judgment of Forfeiture, $3,080.50
25 of the approximately $6,161.00 in U.S. Currency, together with any
26 interest that may have accrued on that amount, seized on or about
27 September 18, 2002, shall be forfeited to the United States pursuant
28 to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

2

1    3.  That upon entry of a Final Judgment of Forfeiture herein, but no later than 30 days thereafter, $3,080.50 of the approximately $6,161.00 in U.S. Currency, together with any interest that may have accrued on that amount, shall be returned to claimant Hayes through his attorney, John Balazs.  The U.S. Marshals Service shall issue a check in the amount of $3,080.50, plus any accrued interest on that amount, made payable to John Balazs, 916 2nd Street, 2nd Floor, Sacramento, CA  95814.

4.   That plaintiff United States of America and its servants, agents, and employees and all other public entities, their servants, agents, and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of defendant currency.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed. The parties to this stipulation waive the provisions of California Civil Code §1542.

5.  That there was probable cause for the seizure of defendant currency, and a Certificate of Probable Cause pursuant to 28 U.S.C. § 2465 shall be entered accordingly.

6.  That all parties are to bear their own costs and attorneys' fees.

SO ORDERED THIS <u>6th</u> day of <u>December</u>, 2005.

/s/ David F. Levi
DAVID F. LEVI
United States District Judge

3

CERTIFICATE OF PROBABLE CAUSE

Based upon the allegations set forth in the Complaint for Forfeiture *In Rem* and the Stipulation for Final Judgment of Forfeiture, the Court enters this Certificate of Probable Cause pursuant to 28 U.S.C. § 2465, certifying that there was probable cause for the seizure of defendant currency.

DATED: 12/6/2005           /s/ David F. Levi
                           DAVID F. LEVI
                           United States District Judge

4